IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY BARNES, | : | MOTION TO VACATE |
| BOP Reg. No. 72776019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:19-CR-0024-SCJ-JCF-5 |
| | : | |
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
|    Respondent. | : | 2:22-CV-0089-SCJ-JCF |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant Timothy Barnes, a federal prisoner currently confined at the McCreary U.S. Penitentiary in Pine Knot, Kentucky, has filed a *pro se* 28 U.S.C. § 2255 motion-to-vacate challenging his 2020 guilty plea conviction and sentence in this Court for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  The matter is before the Court on the § 2255 motion, the government's response, and Movant's reply.  For the reasons stated below, **IT IS RECOMMENDED** that the § 2255 motion be **GRANTED IN PART** as to Ground 3 only to the extent that Movant be allowed to file an out-of-time appeal in accordance with the procedure described in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), and that all remaining claims be **DISMISSED WITHOUT**

**PREJUDICE**.  Alternatively, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED IN PART** as to Grounds 1 and 2, and that **no certificate of appealability issue**.

I.     **PROCEDURAL HISTORY**

On September 8, 2020, Movant pled guilty in this Court to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), pursuant to a written plea agreement.  (See docs. 165; 165-1.)  At sentencing, the District Court determined that Movant was subject to an enhanced base offense level because he was a "career offender" under U.S.S.G. § 4B1.1 based on his prior Georgia convictions for aggravated assault, resulting in a guideline range of 188-235 months' imprisonment.  (See doc. 236 at 3.)  Neither party objected to the guideline calculations.  (See id.)  Ultimately, the District Judge varied downwards and sentenced Movant to 140 months' imprisonment.  (Doc. 206 at 2.)

Notwithstanding the appeal waiver provision in his plea agreement, Movant timely filed a *pro se* notice of appeal and moved for appointment of counsel on appeal.  (Docs. 208, 209; see also doc. 165-1 at 13-14.)  The District Judge denied the motion to appoint counsel because Movant's retained counsel, Attorney David

2

West, who represented him during his plea and sentencing proceedings, had not withdrawn. (Doc. 216.)

The Eleventh Circuit docketed Movant's *pro se* notice of appeal and the Eleventh Circuit Clerk's Office sent Attorney West a deficiency notice for failing to file a Certificate of Interested Persons ("CIP"). See doc. [12], United States v. Barnes, No. 21-10536-J (Apr. 23, 2021). Attorney West did not file a CIP and Movant's appeal was dismissed on May 20, 2021, for failure to prosecute. See doc. [14], No. 21-10536-J. Movant attempted to cure the deficiency, but the Eleventh Circuit took no action on his *pro se* filings because Attorney West had not withdrawn from representation. See docs. [17], [18], [19], [21], [22], [23], [24], No. 21-10536-J. At no point did Attorney West enter an appearance, withdraw from representation, or file anything in Movant's appeal.

The instant § 2255 motion followed, raising three claims for relief:

1. his prior Georgia convictions for aggravated assault did not qualify as predicate crimes "crimes of violence" and the District Court erred in sentencing him as a "career offender" under U.S.S.G. § 4B1.1;

2. his counsel was ineffective for failing to object to the application of the career offender enhancement; and

3

      3.      his counsel was ineffective for failing to advise him of his appellate rights.

(Doc. 228 at 4-7.)

## II.    28 U.S.C. § 2255 MOTION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not required where the record is sufficiently developed to resolve the issues presented. See 28 U.S.C. § 2255(b); Schriro v. Landrigan, 550 U.S. 465, 473-75 (2007).

### A.    Ground 3 – Counsel's Failure to File Direct Appeal

In Ground 3, Movant alleges that his counsel was constitutionally ineffective for failing to advise him of his appellate rights and abandoning his direct appeal. (Doc. 228 at 7; Doc. 231 at 10-14.) Movant states that his counsel initially agreed to represent him on appeal and file an appellate brief, but subsequently told Movant that

4

he was not admitted to practice before the Eleventh Circuit. (See doc. 231 at 10-11; doc. 227 at 3.) Movant asserts that he clearly demonstrated his desire to appeal his sentence by filing a *pro se* notice of appeal and making numerous *pro se* attempts to perfect or preserve his appeal, which were rejected by the Eleventh Circuit because he was still nominally represented by counsel. (See doc. 231 at 10-11.) Movant also emphasizes that counsel ignored directives from the Eleventh Circuit to perfect the appeal, and, by his inaction, ultimately caused Movant's appeal to be dismissed. (Id.) Thus, Movant contends that counsel's deficient performance prevented him from pursuing an appeal that he otherwise would have taken. (Id.)

The government responds that, for the sake of judicial economy and efficiency, this Court should grant Movant an out-of-time appeal, and that no evidentiary hearing is necessary. (Doc. 237 at 4-5.)

In his reply, Movant objects to granting his motion as to Ground 3 without an evidentiary hearing and argues at length that an evidentiary hearing is necessary to develop the record regarding counsel's ineffectiveness as to Grounds 1 & 2 so that he may properly present these claims on appeal. (Doc. 240 at 5-8.) Alternatively, Movant argues that this Court should hold an evidentiary hearing, grant his § 2255

motion and resentence him without the career offender enhancement, and he will waive further litigation. (Id. at 7-10.)

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). To make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. See Strickland, 466 U.S. at 687-88. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "[A]n attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner *per se*." Gomez-Diaz v. United States, 433 F.3d 788, 791-92 (11th Cir. 2005) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)). When a defendant does not specifically instruct counsel to file an appeal, counsel still has a duty to "consult" with the defendant about an appeal. Flores-Ortega, 528 U.S. at 478.

The Eleventh Circuit has interpreted Flores-Ortega's definition of "consult" to require counsel to (1) inform the defendant about his right to appeal, (2) advise the defendant about the advantages and disadvantages of pursuing an appeal, and (3) make a reasonable effort to ascertain the defendant's wishes about an appeal, regardless of the merits of an appeal. Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007). The question of what constitutes adequate consultation is one of content, not duration. Id. at 1207 n.7. Additionally, the fact that the sentencing court informed a defendant that he had the right to appeal does not absolve counsel's duty to consult with the defendant about the substance of the right. Id. at 1208 n.8. In order to establish that he was prejudiced by counsel's failure to file an appeal, a defendant must show that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 1207.

Here, the Court agrees with the government that the interests of judicial economy and efficiency warrant granting Movant an out-of-time appeal. Movant's allegations that counsel abandoned him after sentencing without filing a notice of appeal, without advising him of his appellate rights, and without withdrawing from representation on appeal causing Movant's *pro se* appeal to be dismissed, taken as

true, would establish that counsel performed deficiently. See Flores-Ortega, 528 U.S. at 477; Thompson, 504 F.3d at 1206-07. Further, the record supports that, but for counsel's inaction, Movant would have appealed. The fact that Movant's plea agreement contains an appeal waiver is irrelevant to the Flores-Ortega inquiry, however futile the resulting appeal ultimately may be. See Gomez-Diaz, 433 F.3d at 793-94 (holding that a sentence appeal waiver does not preclude a defendant from filing a § 2255 motion to challenge counsel's failure to file a notice of appeal).

Ordinarily, an evidentiary hearing would be required to resolve any disputed issues of fact regarding communications between Movant and his attorney about his appellate rights. See 28 U.S.C. § 2255(b). However, the government assents to granting an out-of-time appeal, and, under these circumstances, a hearing would be unnecessarily costly and burdensome. See, e.g., Turner v. Crosby, 339 F.3d 1247, 1274 (11th Cir. 2003) (holding that an evidentiary hearing was unnecessary where the respondent did not challenge, rebut, or dispute the petitioner's factual statements as no material facts were in dispute). Additionally, it is very likely that Movant's out-of-time appeal will be dismissed pursuant to United States v. Bushert, 997 F.2d 1343 (11th Cir. 1993), based on the appeal waiver in his plea agreement. As a result, it is in the interests of judicial economy and efficiency to grant Movant the right to

file an out-of-time appeal without conducting a costly and time-consuming evidentiary hearing into counsel's alleged ineffectiveness. See, e.g., Cooper-Miller v. United States, 2014 WL 11412834 at *1 (M.D. Fla. May 5, 2014) (finding that the interest of judicial economy warranted granting an out-of-time appeal where an evidentiary hearing on counsel's alleged failure to file a notice of appeal would involve considerable expense and inconvenience and the defendant's plea agreement contained an enforceable appeal waiver).

The Eleventh Circuit has described the procedure to be used for granting an out-of-time appeal without an evidentiary hearing in United States v. Phillips:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by [Federal Rule of Appellate Procedure 4(b)(1)(A)(i)].

Phillips, 225 F.3d at 1201. "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the Phillips procedure." United States v. Robinson, 648 F. App'x 823, 824 (11th Cir. 2016). Counsel should

9

also be appointed counsel to represent Movant in his out-of-time appeal. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (noting that defendants have a right to counsel on direct appeal).

Accordingly, **IT IS RECOMMENDED** that the § 2255 motion be **GRANTED IN PART** as to Ground 3 only to the extent that Movant be allowed to file an out-of-time appeal in accordance with the procedure described in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000).[1]

The Eleventh Circuit has indicated that, when granting § 2255 relief on the ground that counsel failed to file a notice of appeal as instructed, "the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal." McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). Accordingly, **IT IS FURTHER RECOMMENDED** that all other claims be **DISMISSED WITHOUT PREJUDICE**.

---

[1] For the same reasons, **IT IS RECOMMENDED** that Movant's motion "to reopen appeal" [227] be **GRANTED** only to the extent that Movant be allowed to file an out-of-time appeal in accordance with the procedure described in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000).

Nevertheless, the record is sufficient to resolve the remaining grounds without further factual development. Should the District Judge wish to reach the merits of Movant's Grounds 1 and 2, **IT IS ALTERNATIVELY RECOMMENDED** that Grounds 1 and 2 be **DENIED** for the reasons stated below.

### B.   Grounds 1 & 2 – Career Offender Enhancement

In Ground 1, Movant argues that his prior Georgia convictions for aggravated assault under O.C.G.A. § 16-5-21(a)(2) do not qualify as predicate crimes of violence for purposes of the career offender guideline. (Doc. 228 at 4.) Specifically, Movant asserts that Georgia aggravated assault does not qualify as a "violent felony" under the Armed Career Criminal Act's ("ACCA") "elements clause." (Doc. 231 at 4-8.) Consequently, Movant argues that he should have been subject to a guideline range of 44 to 57 months' imprisonment rather than the 188-to-235-month range determined by the District Court at sentencing. (Id. at 7.) In Ground 2, Movant argues that his counsel was ineffective for failing to investigate and object to the application of the career offender enhancement. (Doc. 228 at 5; doc. 231 at 8-9.)

When a defendant has been given an opportunity to review his PSR and to be heard at sentencing, his failure to raise a challenge to the PSR at sentencing will preclude him from raising the challenge in a § 2255 motion. United States v. Peloso,

11

824 F.2d 914, 915 (11th Cir. 1987).  Furthermore, alleged errors concerning the Sentencing Guidelines are not generally cognizable on collateral attack.  Spencer v. United States, 773 F.3d 1132, 1138-40 (11th Cir. 2014).  However, despite these restrictions on raising previously available challenges, ineffective assistance of counsel claims may be raised for the first time in collateral proceedings.  Massaro v. United States, 538 U.S. 500, 509 (2003).

Under § 4B1.1 of the Sentencing Guidelines, a defendant is a career offender if: (1) the defendant was at least 18 years' old at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled-substance offense.  The term "crime of violence" means:

> … any offense under federal or state law, punishable by imprisonment for a term exceeding on year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

12

U.S.S.G. § 4B1.2(a)(1)-(2).

As an initial matter, Movant's substantive challenge to the application of the career offender guideline in Ground 1 is non-cognizable in a § 2255 motion where, as here, Movant's sentence did not exceed the statutory maximum penalty and the alleged sentencing error did not result in a "fundamental defect." See Spencer, 773 F.3d at 1138-39 (explaining that a "fundamental defect" occurs where the § 2255 movant "can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated" and rejecting § 2255 challenge to career offender enhancement as non-cognizable); see also United States v. Addonizio, 442 U.S. 178, 186-87 (1979) (holding that a lawful sentence less than the statutory maximum does not result in a fundamental defect and is not subject to challenge by writ of habeas corpus). Movant's associated claim of ineffective assistance of counsel, however, is properly presented on collateral review. See Massaro, 538 U.S. at 509.

Nevertheless, Movant has not shown that his counsel was ineffective for failing to challenge the application of the career offender guideline. Movant has confused the career offender guideline with the similarly worded statutory sentencing enhancement contained in the ACCA, which imposes an enhanced mandatory-

13

minimum sentence on defendants convicted of an 18 U.S.C. § 922(g) offense who have three previous convictions for a "violent felony" or a serious drug offense. Compare U.S.S.G. §§ 4B1.1, 4B1.2, with 18 U.S.C. § 924(e).  Movant was not sentenced under the ACCA and the ACCA is not relevant to this case.

Critically, the advisory Sentencing Guidelines are not subject to the constitutional vagueness challenges that have been brought against the ACCA, and the authority cited by Movant[2] holding that Georgia aggravated assault does not qualify as a "violent felony" under the ACCA has no bearing on the career offender guideline.  See Beckles v. United States, 580 U.S. 256, 263 (2017) ("Unlike the ACCA ... the advisory [Sentencing] Guidelines do not fix the permissible range of sentences ... they merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause.").  Indeed, the Eleventh Circuit repeatedly has affirmed that Georgia aggravated assault in violation of O.C.G.A. § 16-5-21(a)(2) is a valid career offender predicate under the

---

[2] To the extent that the Court has reviewed and considered the authority cited by Movant, his motion to expand the record [241] is **GRANTED**.

"enumerated offenses clause" in U.S.S.G. § 4B1.2(a)(2). See United States v. Morales-Alonso, 878 F.3d 1311, 1320 (11th Cir. 2018) (holding that Georgia aggravated assault in violation of O.C.G.A. § 16-5-21(a)(2) was "generic" aggravated assault such that it qualified as a crime of violence under U.S.S.G. § 2L1.2 (2015)'s enumerated offenses clause); see also, e.g., United States v. Huling, 741 F. App'x 702, 704-05 (11th Cir. 2018) (citing Morales-Alonso and holding that Georgia aggravated assault in violation of O.C.G.A. § 16-5-21(a)(2) qualified as a career offender predicate crime of violence under § 4B1.2(a)(2)'s enumerated offenses clause); United States v. Berry, 808 F. App'x 857, 859 (11th Cir. 2020) (same); United States v. Bryant, 2023 WL 4447032 at *2 (11th Cir. July 11, 2023) (unpublished) (same). Consequently, Movant's challenge to the application of the career offender guideline is foreclosed by circuit precedent, and his counsel was not ineffective for failing to make meritless objections to the use of his prior Georgia aggravated assault convictions as career offender predicates. See Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Grounds 1 and 2 do not warrant § 2255 relief.

15

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because reasonable jurists would not debate the resolution of Movant's Grounds 1 and 2, the District Judge should deny a COA as to these grounds. See id. If the District Judge adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

Accordingly, **IT IS ALTERNATIVELY RECOMMENDED** that the § 2255 motion be **DENIED IN PART** as to Grounds 1 and 2 and that **no certificate of appealability issue**.

### III. <u>CONCLUSION</u>

For the reasons stated above, **IT IS RECOMMENDED** that the § 2255 motion be **GRANTED IN PART** as to Ground 3 only to the extent that Movant be allowed to file an out-of-time appeal in accordance with the procedure described in <u>United States v. Phillips</u>, 225 F.3d 1198 (11th Cir. 2000), and that all remaining claims be **DISMISSED WITHOUT PREJUDICE**. Alternatively, **IT IS RECOMMENDED** that the § 2255 motion be **DENIED IN PART** as to Grounds 1 and 2, and that **no certificate of appealability issue**.

For the same reasons, **IT IS RECOMMENDED** that Movant's motion "to reopen appeal" [227] be **GRANTED** only to the extent that Movant be allowed to file an out-of-time appeal in accordance with the procedure described in <u>United States v. Phillips</u>, 225 F.3d 1198 (11th Cir. 2000).

To the extent that the Court has reviewed and considered the authority cited by Movant, his motion to expand the record [241] is **GRANTED**.

17

The Clerk of Court is **DIRECTED** to terminate the referral to the undersigned United States Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 11th day of September, 2023.

/s/ J. Clay Fuller
J. Clay Fuller
United States Magistrate Judge