IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

TIMOTHY BARNES,

  Movant,

v.

UNITED STATES OF AMERICA,

  Respondent.

CRIMINAL ACTION FILE

No. 2:19-CR-0024-SCJ

## ORDER

Movant Timothy Barnes, currently incarcerated at USP-McCreary in Pine Knot, Kentucky, filed a 28 U.S.C. § 2255 motion to vacate challenging his 2020 guilty plea conviction and sentence in this Court for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Doc. No. [228]. Movant has also filed a construed motion for leave to reopen his appeal, Doc. No. [227], and a motion to submit objections, Doc. No. [242]. The Magistrate Judge has issued his Report and Recommendation (R&R) recommending that the § 2255 motion be granted in part—such that Movant be granted an out-of-time appeal with respect to his Ground 3—but that the motion be otherwise denied. Doc. No. [245]. Movant has filed objections to the R&R. Doc. No. [247].

**I. Background**

In the § 2255 motion, Movant raises three grounds for relief. In Ground 1, he argues that this Court erred in sentencing him as a "career offender" under U.S.S.G. § 4B1.1 because his prior state court convictions do not qualify as crimes of violence under the guideline. In Ground 2, he contends his trial counsel was ineffective for failing to object to the application of the career offender enhancement. In Ground 3 he contends that his counsel was ineffective for failing to advise him of his appeal rights and for abandoning his appeal.

The Magistrate Judge determined that Movant's Ground 3 raises a colorable claim that his counsel improperly abandoned his appeal and noted that the Government has acknowledged that, in the interests of judicial efficiency, this Court should grant Movant an out-of-time appeal. The Magistrate Judge thus recommends that Movant be granted relief with respect to his Ground 3. The Magistrate Judge further recommended that Movant's Grounds 1 and 2 be held in abeyance pending the resolution of his appeal.[1] See McIver v. United States, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002).

---

[1] The Magistrate Judge recommended in the alternative that Movant's Grounds 1 and 2 be denied on the merits because Movant cannot raise a due process claim regarding application of the advisory sentencing guidelines. Moreover, circuit law indicates that Movant's O.C.G.A. § 16-5-21(a)(2) convictions for aggravated assault are valid career offender predicates under

2

## II.     LEGAL STANDARD

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard.  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III.    DISCUSSION

Movant's objections mostly concern the Magistrate Judge's alternative recommendation discussed in the margin, see supra n.1, that Movant's Grounds 1 and 2 be denied on the merits.  As this Court has opted not to deny Movant's claims on the

---

the § 4B1.1 career offender enhancement. See Doc. No. [245 at 15] (citing cases).  However, this Court declines to take that course because Movant might discover other claims through the appeal process (where he will be represented by counsel) and determining his claims on the merits now might foreclose him from filing a second § 2255 motion.  This Court also notes that ruling on Movant's § 2255 claims before the direct appeal may result in an unfortunate waste of judicial resources.  "At the very least, the appellate court could resolve issues that bear upon [Movant]'s right to collateral relief." United States v. Pierce, No. CR 5:14-056-DCR-1, 2016 WL 782393, at *2 (E.D. Ky. Feb. 29, 2016)

merits, those objections are moot. Movant also contends that this Court should grant an evidentiary hearing. However, while this Court is fully intent on resolving Movant's claims, the possibility that the need for a hearing may be rendered moot by the result of an appeal and the possibility that the appeal process could reveal other § 2255 claims that might also need evidentiary development, demonstrate that the issue of whether to hold a hearing should be deferred until Movant raises his § 2255 claims after the appeal.

**IV. Conclusion**

For the reasons stated, the R&R, Doc. No. [245], is hereby **ADOPTED** as the order of this Court, and the instant 28 U.S.C. § 2255 motion to vacate, Doc. No. [228], is **GRANTED IN PART** as to Ground 3 and **DENIED IN PART** as to Grounds 1 and 2 without prejudice to Movant raising those claims (or any other claims) in a § 2255 motion filed after Movant's direct appeal is complete.

Accordingly, this Court hereby **GRANTS** Movant an out-of-time appeal. According to the Eleventh Circuit,

> [w]hen the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice

4

of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

Pursuant to Phillips,

(1) The criminal judgment as to Timothy Barnes in this action, Doc. No. [206], is **VACATED**.

(2) The sentence of imprisonment, the term of supervised release, and the special assessment imposed by this Court on January 29, 2021, are hereby **REIMPOSED** with appropriate credit for time already served and sums of the special assessment that may have already been paid, and the Clerk is **DIRECTED** to docket a new judgment dated the day this order is entered.

(3) Movant is hereby **ADVISED** that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for in forma pauperis status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) if he is unable to afford counsel for the appeal, an attorney will be appointed for him; (e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes the sentence.

The Clerk is further **DIRECTED** to immediately submit this matter to the Magistrate Judge to appoint counsel for Movant.

Movant's motion to reopen his appeal, Doc. No. [227], is **DENIED** as moot. His motion to file objections, Doc. No. [242], which simply asks permission to file objections to the R&R, is **DENIED** as unnecessary. Finally, this Court is unsure whether a ruling on a certificate of appealability (COA) is necessary given the fact that Movant is entitled to pursue his direct appeal. However, to the degree that it is necessary, this Court agrees with the Magistrate Judge that Movant has not met the standard of 28 U.S.C. § 2253(c)(2), and a COA is **DENIED**.

**IT IS SO ORDERED** this 21st day of December, 2023.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**